**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DEREK BRANTLEY, II, | ) | CASE NO. 1:11-cv-00851 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MARGARET BRADSHAW, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Derek Brantley ("Brantley"), challenges the constitutionality of his conviction in the case of *State v. Brantley*, Cuyahoga County Court of Common Pleas Case Nos. CR-527516 & CR-528800. Brantley, *pro se*, filed his Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on April 29, 2011. On October 13, 2011, Warden Margaret Bradshaw ("Respondent") filed her Answer/Return of Writ. (ECF No. 9.) Brantley did not file a Traverse.[1] For reasons set forth in detail below, it is recommended that Brantley's petition be DENIED.

**I. Procedural History**

**A. Conviction**

In May of 2009, a Cuyahoga County Grand Jury charged Brantley with one count of drug

---

[1] On November 2, 2011, this Court denied Brantley's motion to amend the petition, but allowed him until November 14, 2011 to file a Traverse. (ECF No. 12.)

trafficking in violation of Ohio Revised Code ("O.R.C.") § 2925.03(A)(2) with forfeiture and juvenile specifications, one count of drug possession in violation of O.R.C. § 2925.11(A) with forfeiture specifications, one count of possessing criminal tools in violation of O.R.C. § 2923.24(A) with forfeiture specifications, and two counts of endangering children in violation of O.R.C. § 2919.22(B)(6). (ECF No. 9-1, Exh. 1.)

Subsequently, in September of 2009, a Cuyahoga County Grand Jury charged Brantley with one count of drug possession in violation of O.R.C. § 2925.11(A) with forfeiture specifications, one count of drug trafficking in violation of O.R.C. § 2925.03(A)(2) with forfeiture, juvenile, and schoolyard specifications, one count of corrupting another with drugs in violation of O.R.C. § 2925.02(A)(4)(c) with forfeiture, juvenile, and schoolyard specifications, and one count of possessing criminal tools in violation of O.R.C. § 2923.24(A) with forfeiture specifications. (ECF No. 9-3, Exh. 3.)

On November 23, 2009, with respect to the charges in the first indictment, CR-527516, Brantley, represented by counsel, plead guilty to one count of drug trafficking with juvenile and forfeiture specifications. (ECF No. 9-5, Exh. 5.) The remaining counts were nolled. *Id*. He was also ordered to forfeit certain items including a cell phone, some cash, a money counter, and two vehicles. *Id*. On the same date, with respect to the second indictment, CR-528800, Brantley, represented by counsel, plead guilty to one count of drug trafficking with juvenile, schoolyard, and forfeiture specifications. (ECF No. 9-6, Exh. 6.) The remaining counts were nolled. *Id*. He was also ordered to forfeit other items including a scale, a cell phone, some cash, and a knife. *Id*.

Prior to sentencing, on December 14, 2009, Brantley, *pro se*, filed a "Motion to

Withdraw Plea via Forfeiture Objection at 11/21/09 Change of Plea Hearing."[2] (ECF No. 9-8, Exh. 8.) On the same day, Brantley, *pro se*, filed an "Affidavit of Indigence via Motion to Waive Fines & Cost." (ECF No. 9-7, Exh. 7.)

On December 17, 2009, Brantley was sentenced to a term of four years imprisonment and fined $3000 in CR-527516. (ECF No. 9-9, Exh. 9.) On the same date, Brantley was sentenced to a term of eight years imprisonment and fined $3000 in CR-528800. (ECF No. 9-10, Exh. 10.) The prison sentences were ordered to be served concurrently, resulting in an aggregate term of eight years. *Id.*

On December 19, 2009, Brantley's motion to withdraw his plea was denied. (ECF No. 9, Exh. 11 & 12.)

**B. Direct Appeal**

On January 12, 2010, Brantley, *pro se*, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court") raising the following assignments of error.

> 1) Trial court erred by denying appellant's motion to withdraw plea without holding an evidentiary hearing and other factors after appellant was sentenced.
>
> 2) Trial court erred by imposing a fine & cost when appellant filed an affidavit of indigency prior to sentencing.
>
> 3) Trial court erred by granting [Appellee's] forfeiture petition without during the [sic] requirements pursuant to ORC 2933.43.
>
> 4) Counsel was ineffective for entire due process & failed to object to

---

[2] Brantley asserted that the State never produced requested discovery, that his ability to consult with counsel was hindered, and that he did not own a Chevy truck. (ECF No. 9-8, Exh. 8.)

-3-

      maximum sentence.

(ECF No. 9, Exhs. 19 & 20.)

On November 24, 2010, the state appellate court, after reconsidering a previous decision, overruled Brantley's assignments of error and affirmed the conviction. (ECF No. 9-28, Exh. 28.)

On January 3, 2011, Brantley, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio raising the following propositions of law:

1. Trial court erred by denying Appellant's pre-sentence motion to withdraw plea without holding a hearing; at odds with this court mandate & other appellate courts authority of *State v Xie* (1992), 62 Ohio St. 3d 521, 527, 584 N.E. 2d 715.

2. Trial court erred by imposing a fine & cost without addressing Appellant's Affidavit of Indigency prior to sentence.

3. Trial counsel was ineffective.

(ECF No. 9, Exhs. 29 & 30.)

On April 6, 2011, the appeal was dismissed as not involving any substantial constitutional question. (ECF No. 9-31, Exh. 31.)

**C.  Federal Habeas Petition**

On April 29, 2011, Brantley filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

    GROUND ONE: Refusal to have guilty pleas withdrawn.

    Supporting Facts: Petitioner showed a manifest injustice has occurred with numerous reasons he wanted to take back his guilty plea.

    GROUND TWO: Counsel was ineffective.

    Supporting Facts: Counsel['s] performance was below standard but moreso [sic] if certain filings was uttered the results would of been different.

> GROUND THREE: Forfeiture wasn't done by procedure.
>
> GROUND FOUR: Costs and fines.
>
> Supporting Facts: Cruel and unusual punishment was displayed on indigent petitioner at odds with ones [sic] federal rights.

(ECF No. 1.)[3]

## II. Exhaustion and Procedural Default

### A. Exhaustion Standard

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

### B. Procedural Default Standard

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

---

[3] Respondent concedes that Brantley's petition was timely filed. (ECF No. 9 at 6.)

A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[4] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct

---

[4] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th

Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C. Analysis**

Respondent asserts that a number of Brantley's claims are procedurally defaulted. Specifically, Respondent argues that grounds one, three, and four were not fairly presented to the Supreme Court of Ohio. (ECF No. 9 at 11-17.)

While Respondent concedes that ground three was raised by Brantley before the state appellate court (*Id*. at 11), the Memorandum In Support of Jurisdiction, filed before the Supreme Court of Ohio, makes no mention of forfeiture. (ECF No. 9-30, Exh. 30.) Brantley, therefore, failed to complete a full round of review. He would now be unable to raise these issues with the Ohio Supreme Court as any attempt to bring a subsequent appeal would be barred by *res judicata*. *See, e.g., Patterson v. Kelly*, 2012 U.S. Dist. LEXIS 15590 at *5 (N.D. Ohio Feb. 8, 2012); *Bruce v. Tibbals*, 2011 U.S. Dist. LEXIS 117771 (N.D. Ohio May 11, 2011); *see also*

-8-

*Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008) (holding Ohio's application of *res judicata* is an actually enforced, adequate and independent state ground on which Ohio state courts consistently refuse to review the merits of a defendant's claims).

With respect to ground one, Respondent asserts that Brantley's claim in state court was raised purely as an alleged violation of state rather than federal law. (ECF No. 9 at 12-14.) Before the state appellate court, Brantley's argument centers on the trial court's alleged failure to comply with Ohio Rule of Criminal Procedure 32.1. (ECF No. 9-20, Exh. 20.) Nowhere in his first assignment of error did Brantley assert that his federal constitutional rights were violated. *Id*. Similarly, Brantley's Memorandum in Support of Jurisdiction filed with the Ohio Supreme Court relies solely upon state court decisions applying state law. (ECF No. 9-30, Exh. 30 at 2.) Moreover, it is questionable whether ground one is cognizable in a habeas action, as Brantley's challenge to his plea revolves around the state court's denial of his motion to withdraw and fails to allege that his plea was not knowingly, intelligently, and voluntarily entered. Even if the Court were to construe ground one as raising a cognizable claim, his state court arguments cannot reasonably be construed as raising a federal constitutional claim.[5] As recently explained by the Sixth Circuit Court of Appeals, a claim has not been fairly presented unless the precise federal claim being raised in a habeas petition was also raised in state court as a federal claim.

> To comply with the exhaustion doctrine, the petitioner must fairly present the "substance" of his federal habeas claim to the state courts so that the state judiciary has the first opportunity to hear the claim. *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must present both the factual and the legal bases of the claim. *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004). In other

---

[5] Brantley's sole citations were to *State v. Xie*, 584 N.E.2d 715, 62 Ohio St. 3d 521 (Ohio 1992) and *State v. McNeil*, 765 N.E.2d 884, 146 Ohio App. 3d 173 (Ohio Ct. App., 2001).

>words, a petitioner must present "the same claim under the same theory" to the
>state court. *Id*. at 552-53 (citation and internal quotation marks omitted). It is not
>sufficient that all the facts necessary to support the federal claim were before the
>court or that the petitioner made a "somewhat similar" state-law claim. *Anderson
>v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (per curiam)
>(citing *Picard v. Connor*, 404 U.S. 270, 276-77, 92 S. Ct. 509, 30 L. Ed. 2d 438
>(1971)).

*Gross v. Warden*, 426 Fed. Appx. 349, 355 (6th Cir. 2011).

Here, assuming *arguendo* that Brantley's habeas petition raises a cognizable claim, he failed to present the substance of his federal habeas claim to the state courts.[6] Because *res judicata* would now bar Brantley from doing so, the instant claim that his plea violated his federal constitutional rights would be procedurally defaulted.

Finally, Respondent asserts that ground four of the habeas petition is also procedurally defaulted. (ECF No. 9 at 14-17.) In ground four, Brantley asserts that the imposition of costs and fines on an indigent defendant is tantamount to cruel and unusual punishment. (ECF No. 1.) Again, Respondent asserts that Brantley failed to characterize his claim as a violation of federal law, arguing his claim purely in terms of state law. (ECF no. 9 at 12-14.) Before the state appellate court, Brantley's argument regarding the imposition of costs and fines was based on

---

[6] "The pleadings of *pro se* prisoners are liberally construed and held to a less stringent standard than those prepared by attorneys [and] [a]s a general rule, *pro se* pleadings are liberally construed when determining whether they state a viable claim upon which relief can be granted." *United States v. Kirkpatrick*, 2009 U.S. Dist. LEXIS 77248 (E.D. Tenn. Aug. 28, 2009) (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Nonetheless, "[t]he Court is not required to assume or conjure up allegations and claims on behalf of a pro se litigant which he fails to plead." *Id*. (*citing Martin*, 391 F.3d at 714; *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

the trial court's alleged violation of O.R.C. § 2929.18(B)(1). (ECF No. 9-20, Exh. 20.) Brantley made no reference to a federal constitutional right. *Id*. In his Memorandum in Support of Jurisdiction filed with the Ohio Supreme Court, Brantley again based his argument upon Ohio statutes and Ohio case law, though he did make a passing and unexplained reference to "a constitutional right violation." (ECF No. 9-30, Exh. 30 at 3.)

However, terse assertions of a federal constitutional deprivation are insufficient. "To escape procedural default, claims that the rights to due process and to a fair trial have been violated must of themselves be fairly presented, rather than functioning as catchall language appearing within the presentation of other non-constitutional arguments." *Blackmon v. Booker*, 394 F.3d 399, 400-401 (6th Cir. 2004). In *Blackmon*, the Sixth Circuit found that a petitioner's "naked assertion" in his brief headings and conclusions that his rights to a fair trial and due process were violated was insufficient to constitute fair presentment where the petitioner "failed to develop any cogent arguments regarding those rights beyond the naked assertion that they were violated." *Id*.; *accord Logan v. Miller*, 2011 U.S. Dist. LEXIS 48859 at *12 (N.D. Ohio Mar. 29, 2011); *see also Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995) ("A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument.") Despite Brantley's *pro se* status on direct appeal, this Court cannot read arguments into his state court filings that were plainly not made and which the state courts, therefore, did not consider. Ground four was not fairly presented and is procedurally defaulted.

Furthermore, Respondent argues that ground four is procedurally defaulted because Brantley failed to object to the imposition of fines and costs at the appropriate time. (ECF No. 9 at 14-16.) The state appellate court, in addressing this issue, held as follows:

-11-

[*P12] In his second assignment of error, appellant argues that the trial court erred in imposing costs and fines after he had filed an affidavit of indigency. R.C. 2947.23 mandates that court costs be imposed as part of a criminal defendant's sentence. *State v. Hughley*, Cuyahoga App. No. 90323, 2009 Ohio 3274, P12. The trial court then has the discretion to waive these costs if the defendant is indigent. *Id*. Upon the defendant's motion, it is then within the trial court's discretion to waive those costs. *Id*. As an appellate court, we ordinarily review the trial court's decision to grant or deny the defendant's motion to waive costs for an abuse of discretion as defined above. *Id*. Because the record reveals that appellant failed to object to the imposition of fines and costs, however, we review the imposition of fines and costs for plain error. *State v. Gabriel*, Mahoning App. No. 09 MA 108, 2010 Ohio 3151, P9. "Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right." *State v. Moore*, Butler App. No. CA20006-09-242, 2007 Ohio 3472, P7, citing Crim.R. 52.

[*P13] "Ohio law does not prohibit a court from imposing a fine on an indigent defendant. *State v. Roark*, Cuyahoga App. No. 84992, 2005 Ohio 1980. Except for violations 'of any provisions of Chapter 2925., 3719., or 4729. of the Revised Code,' a sentencing court is not barred by statute from imposing a fine upon an indigent person. See R.C. 2929.18(B)(1); *State v. Gipson* (1998), 80 Ohio St. 3d 626, 80 Ohio St.3d 626, 687 N.E.2d 750. The Revised Code simply requires the sentencing court to 'consider the offender's ability to pay.' R.C. 2929.19(B)(6)." *State v. Ramos*, Cuyahoga App. No. 92357, 2009 Ohio 3064, P7. Nonetheless, this court has held, "'[i]t is clear that the court should consider the impact a fine has on the offender; however, the court is required to consider such factors only if evidence is offered at the sentencing hearing. Where the offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that he does not have the resources to pay the fine, he waives any objection to the fine on appeal.' (Citations omitted.)" *State v. Dailey*, Cuyahoga App. No. 89289, 2007 Ohio 6650, P41. Appellant made no objection at sentencing to the imposition of the fine and has waived any objection to the fine on appeal. Appellant's second assignment of error is overruled.

*Brantley*, 2010-Ohio-5760 at ¶¶12-13.

A petitioner waives an alleged error when he fails to make a contemporaneous objection. *Osborne v. Ohio,* 495, U.S. 103, 124 (1990) (recognizing Ohio's long-standing contemporaneous objection rule). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of

-12-

cause for the waiver and resulting prejudice.  *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *see Stojetz v. Ishee*, 2006 WL 328155, Case No. 2:04CV263 at *12 (S.D. Ohio Feb. 10, 2006). In the instant matter, Brantley did not object at the time the costs were assessed and the fines were imposed.  Accordingly, the first three elements of *Maupin* test are satisfied as Brantley failed to comply with the contemporaneous objection rule, the state appellate court actually enforced the rule, and said rule constitutes an "independent and adequate" state ground on which the state can foreclose federal review.  As such, ground four is procedurally defaulted under *Maupin*.

For the foregoing reasons, grounds one, three, and four are procedurally defaulted.  Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren*, 440 F.3d at 763 (*citing Wainwright*, 433 U.S. at 87.)  "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Here, Brantley has neither presented any cause for his default nor alleged a manifest miscarriage of justice.[7]  In addition, Brantley has not presented a credible claim of actual innocence supported by new, reliable evidence.

### III.  Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

---

[7] To the extent Brantley may assert that his counsel's ineffectiveness serves as cause to excuse his default, such an argument is unavailing.  As explained below, Brantley's ineffective assistance of counsel claim is also without merit.

("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal

-14-

district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A.    Ground Two: Ineffective Assistance of Counsel**

In his second ground for relief, Brantley argues that defense counsel rendered ineffective assistance because "if certain filings [were] uttered, the results would have been different." (ECF No. 1.) Brantley does not elaborate on his claims and did not file a traverse. Before the state appellate court, he argued that counsel failed to obtain discovery from the prosecution before advising him to plead guilty and that counsel failed to object to the imposition of maximum sentences. (ECF No. 9-20, Exh. 20.)

To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In

other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy. *Id*. at 689; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Where a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[T]he Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Carley v. Hudson*, 563 F. Supp. 2d 760, 771 (N.D. Ohio 2008) (citing *Hill v Lockhart*, 474 U.S. at 58). Under *Strickland*, a petitioner must demonstrate the following: 1) "counsel's representation fell below an objective standard of reasonableness" and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To satisfy the second prong in the guilty plea context, a petitioner "must show that there is a reasonable probability that but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59.

In addressing Brantley's ineffective assistance of counsel claim, the state appellate court found as follows:

> [*P15] In his fourth assignment of error, appellant argues that he was denied the effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Brooks* (1986), 25 Ohio St.3d 144, 25 Ohio B. 190, 495 N.E.2d 407.
>
> [*P16] Appellant first argues that his counsel was ineffective in advising him to enter a voluntary guilty plea before receiving discovery responses from the state. A review of the record, however, reveals that appellant pled guilty to only two of the eight counts he was charged with. Although he was sentenced to eight years in prison, he could have faced a considerably harsher sentence had he been convicted under the indictments as charged.
>
> [*P17] Appellant also argues that his counsel was ineffective for failing to make an objection at sentencing pursuant to *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517. According to appellant, *Ice* required the trial court to state its reasons for imposing maximum sentences. In *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, P100, the Ohio Supreme Court held that trial courts were no longer required to make findings when "imposing maximum, consecutive, or more than the minimum sentences." This court has acknowledged the holding in *Ice*, but we have repeatedly held that until the Ohio Supreme Court overrules its holding in *Foster*, *Foster* remains binding on this court and will be applied. *State v. Cooper*, Cuyahoga App. No. 92911, 2010 Ohio 4106, P32. We cannot find that appellant's counsel was deficient for failing to object on the basis of *Ice* when such an objection would have been unsuccessful. Appellant's fourth assignment of error is overruled.

*Brantley*, 2010-Ohio-5760 at ¶¶15-17.

Brantley has not presented this Court with any specific facts or allegations that would support finding a reasonable probability that, had counsel obtained discovery, he would not have plead guilty and would have insisted on going to trial. As observed by the state appellate court, counsel successfully reduced the charges Brantley faced from two to eight based on his plea.

The state appellate court's holding is not contrary to clearly established federal law.  In *Hill v Lockhart*, the Supreme Court explained that "[w]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." 474 U.S. at 59.  Brantley, however, has not identified any evidence that would have changed his decision to plead guilty and his allegation is pure speculation.

The state appellate court also directly addressed Brantley's argument that counsel should have challenged the imposition of a maximum sentence because the trial court did not set forth its reasons for doing so.  The state appellate court observed that the Ohio Supreme Court's decision in *Foster* – finding that judges have full discretion to impose a maximum prison sentence within the statutory range without making any findings – remained the law of Ohio at the time of Brantley's sentencing.  While it may have been prudent for counsel to object, there was nothing unreasonable in the state court's determination.  The state appellate court determined that such an objection, given the contrary and binding holding of the Ohio Supreme Court, would have been unsuccessful.  Therefore, this Court finds it was not unreasonable for the state court to determine that counsel was not ineffective, because his failure to object would not have altered the outcome of Brantley's sentence or appeal therefrom.[8]  As such, his second

---

[8] The Court is somewhat perplexed by the state appellate court's discussion of the United States Supreme Court's decision in *Oregon v. Ice*.  In *Oregon v. Ice*, the Supreme Court held that the imposition of consecutive sentences based on judicial fact-finding does not

ground for relief is without merit.

### V. Conclusion

For the foregoing reasons, it is recommended that Brantley's Petition be DENIED.

                                                /s/ Greg White
                                                U.S. MAGISTRATE JUDGE

Date: May 29, 2012

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

violate the Sixth Amendment. 555 U.S. 160 (2009) ("[T]he Sixth Amendment does not inhibit States from assigning to judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses."); *see also Hall v. Bradshaw*, 2012 U.S. App. LEXIS 5016 at *8 (6th Cir. Ohio, Mar. 8, 2012); *Smith v. Moore*, 415 Fed. Appx. 624, 629 (6th Cir. 2011) (finding that in *Ice*, "the Supreme Court expressly upheld requiring judicial fact finding in imposing consecutive rather than concurrent sentences.") Brantley did not receive consecutive sentences. Thus, the state appellate court's discussion of *Oregon v. Ice* did not render its ultimate finding – that appellate counsel was not deficient for failing to object on the basis of *Ice* when such an objection would have been unsuccessful – unreasonable or contrary to clearly established federal law.